```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                        :
FEDERAL TRADE COMMISSION,                               :
                                                        :
                                Plaintiff,              :        12 Civ. 7186 (PAE)
                                                        :        12 Civ. 7189 (PAE)
                -v-                                     :        12 Civ. 7192 (PAE)
                                                        :
PECON SOFTWARE LTD, et. al.,                            :        OPINION & ORDER
                                                        :
                                Defendants.             :
                                                        :
---------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Plaintiff the Federal Trade Commission (the "FTC") moves for leave to effect service of

documents, including the Summons and Complaint, by alternative means on defendants in the

following three related cases: *FTC v. Pecon Software Ltd., et al.*, No. 12 Civ. 7186; *FTC v.

PCCare 247, Inc., et. al.*, No. 12 Civ. 7189; and *FTC v. Marczak, et. al.*, No. 12 Civ. 7192. For

the reasons that follow, the FTC's motion is granted.

## I.    Background

The factual background of these three related cases—and three other related cases which

are not the subject of this motion—is set forth in detail in two of this Court's prior opinions. *See*

No. 12 Civ. 7189, Dkt. 87 (the "PCCare Opinion"), *available at* 2013 WL 841037 (S.D.N.Y.

Mar. 7, 2013); No. 12 Civ. 7186, Dkt. 29 (the "Pecon Opinion"), *available at* 2013 WL 4016272

(S.D.N.Y. Aug. 7, 2013).  The Court assumes familiarity with these opinions.

In the PCCare Opinion, the Court granted the FTC leave to effect service of documents

*other than* the Summons and Complaint by email and Facebook message on the following

defendants:  Vikas Agrawal, Anuj Agrawal, Parmeshwar Agrawal, PCCare247 Solutions Pvt.

Ltd., and Connexxions IT Services Private Limited. *See* PCCare Opinion 12.  In this motion, the

FTC seeks leave to serve these same defendants—save for Vikas Agrawal, who has already been personally served, *see* Dkt. 69—with the Summons and Complaint by the same means.

In the Pecon Opinion, the Court granted the FTC leave to effect service of documents including the Summons and Complaint by email on 18 defendants in five of these related cases. *See* Pecon Opinion 18–19. However, the Court denied the FTC's request to serve two defendants—Prateek Shah and Wahid Ali—because the FTC had not offered sufficient evidence to demonstrate a high likelihood that service would reach those two defendants at the proposed email addresses and Facebook accounts. *Id.* at 10–11, 13–15. The Court specified that this denial was without prejudice to the FTC's ability to submit additional evidence and renew its motion for alternative service on Shah and Ali. The FTC has now done so.

## II.   Discussion

This Court has already found that the means of service proposed here—email and Facebook—are not prohibited by international agreement. *See* PCCare Opinion 5–7; Pecon Opinion 7–8. The Court has also found that service by these means comports with due process where the FTC can demonstrate a "high likelihood" that service at the proposed email address or Facebook account would reach the defendant. *See* PCCare Opinion 8; Pecon Opinion 8–9. The Court now considers whether the FTC has made such a showing here.

### A.   *PCCare* Defendants

As noted, the Court's previous decision found that service of documents other than the Summons and Complain by email and Facebook message was appropriate in this case as to the following defendants: Vikas Agrawal; Anuj Agrawal; Parmeshwar Agrawal; PCCare247 Solutions Pvt. Ltd; and Connexxions IT Services Private Limited. *See* PCCare Opinion 12. The FTC now requests leave to serve these defendants, save for Vikas Agrawal, at the same email

addresses and Facebook accounts listed in the Court's previous opinion. *Compare* 12 Civ. 7189, Dkt. 97, at 6–7, *with* PCCare Opinion 12. Just as service of post-complaint documents was appropriate, service with the Summons and Complaint is appropriate at the same email addresses identified.

The FTC also seeks leave to serve Anuj Agrawal at an additional email address not authorized in the Court's prior opinion: anuj0ue@yahoo.co.in. Anuj used this address to register his Facebook account, and his former attorney has confirmed that he uses this account. *See* Dkt. 97 (Declaration of Sheryl Novick), Att. B, at 10, *id.* Att. H, at 43. Accordingly, the Court finds that service at this additional email address comports with due process.

### B.      Prateek Shah

The FTC proposes to serve Prateek Shah at seven emails addresses[1] and by message to his Facebook account. *See* 12 Civ. 7186, Dkt. 31, at 3–6. Prateek is listed as a director of Pecon Software Limited—one of the entities involved in the alleged scheme—on its corporate registry. *See* Dkt. 31-1 (Declaration of Sheryl Novick ("Novick Shah Decl.")), Att. B, at 10. On his Facebook page, he lists Pecon as his employer and Mahesh Shah, another Pecon director, as his father. *Id.* Att. D, at 14. Prateek used one of these email addresses (sujoy@pecon.co.in) to set up a merchant account for Pecon Services at Bank of America. *See id.*, Att. A, at 6–8. That is the same email addresses that Prateek's father, Mahesh, gave to the FTC as his contact information. *See* Dkt. 31-3. The other six email addresses were obtained by the FTC pursuant to investigative demands from Facebook. *See* Novick Shah Decl. Att. E, at 23. These email addresses are each derivations of Prateek's name, and the domain names are consistent with the

---

[1] These are: sujoy@pecon.co.in; prateek@pecon.co.in; p10prateeks@iimahdernet.in; shahprateek@gatech.edu; prashah@nvidia.com; shahprateek317@facebook.com; and shahprateek317@gmail.com.

employment information and schools listed on Prateek's Facebook account and in a news article featuring him. *See id.* Att. D, at 14; *id.* Att. G, at 29. Accordingly, the Court finds a high likelihood that Prateek would receive service at the proposed email addresses and by message to his Facebook account.

### C. Wahid Ali

The FTC proposes to serve Wahid Ali at four email addresses[2] and by message to his Facebook account. *See* 12 Civ. 7192, Dkt. 53, at 3–5. Ali used one of these addresses (wwahid.ali@gmail.com) to register a Skype account and a PayPal account used in the alleged scheme. *See* Dkt. 53-1 (Declaration of Sheryl Novick ("Novick Ali Decl."), Att. A, at 6; *id.* Att. B, at 10. Ali used that same address to contact the FTC after receiving notice of this case. *Id.* Att. I, at 34–35. Ali used two of the other addresses (wahidforu11@yahoo.co.in and wahid.78685@gmail.com) to register for a PayPal and Facebook accounts used in the alleged scheme. *Id.* Att. B, at 10, 14; *id.* Att. C, at 18. Ali used the fourth email address (virtualindia2012@gmail.com) to register for one of the websites used in the alleged scheme. *Id.* Att. H, at 32. Finally, Ali's Facebook page lists Global Innovative Services—one of the entities alleged to be involved in the scheme—as his employer. *Id.* Att. D, at 24. This matches Global Innovative Services' website, which lists Ali as its CEO. *Id.* Att. F, at 28. And the email addresses associated with Ali's Facebook account match the addresses identified above. *Id.* Att. C, at 18. Accordingly, the Court finds a high likelihood that Ali would receive service at the proposed email addresses and by message to his Facebook account.

---

[2] These are: wwahid.ali@gmail.com; wahidforu11@yahoo.co.in; wahid.78685@gmail.com; and virtualindia2012@gmail.com.

## CONCLUSION

The FTC's motion to serve defendants through alternative means is granted. The FTC is granted leave to serve the Summons and Complaint and other documents in these cases on the following defendants in the following manner.

1. Defendant Anuj Agrawal by message to his Facebook account and by email at anuj.agrawal@iconnexxions.com, anuj.agrawal@pccare247.com, and anuj0ue@yahoo.co.in.

2. Defendant Parmeshwar Agrawal by message to his Facebook account and by email at parmeshwar@marbleindian.com.

3. Defendant PCCare247 Solutions Pvt. Ltd. through its directors, Vikas, Anuj, and Parmeshwar Agrawal, at the email addresses and Facebook accounts listed above for Anuj and Parmeshwar, and at the following addresses for Vikas: kusalbag@hotmail.com and vikas.agrawal@pccare247.com.

4. Defendant Connexxions IT Services Private Limited through its directors, Vikas and Anuj Agrawal, at the email addresses and Facebook accounts listed above.

5. Defendant Prateek Shah by message to his Facebook account and by email at sujoy@pecon.co.in; prateek@pecon.co.in; p10prateeks@iimahdernet.in; shahprateek@gatech.edu; prashah@nvidia.com; shahprateek317@facebook.com; and shahprateek317@gmail.com.

6. Defendant Wahid Ali by message to his Facebook account and by email at wwahid.ali@gmail.com; wahidforu11@yahoo.co.in; wahid.78685@gmail.com; and virtualindia2012@gmail.com.

The Clerk of Court is directed to terminate the motions pending in these three cases.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: September 18, 2013
New York, New York